## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
January 23, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JOHN D. GREENE II,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0148** (BOR Appeal No. 2048577)
                    (Claim No. 2011019166)

**ROCKHOUSE CREEK DEVELOPMENT, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner John D. Greene II, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Rockhouse Creek Development, LLC, by Steven K. Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 23, 2014, in which the Board reversed a July 19, 2013, Order of the Workers' Compensation Office of Judges and granted Mr. Greene a 15% permanent partial disability award. In its Order, the Office of Judges reversed the claims administrator's September 22, 2011, decision which granted Mr. Greene an 8% permanent partial disability award and instead granted him a 30% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon material misstatements and mischaracterizations of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Greene, a section boss, injured his head, arms, and face in the course of his employment on December 2, 2010, when he fell onto a beltline and hit a roller. His claim was held compensable for crushing injury of the forearm, closed fracture of the humerous shaft, closed nasal bone fracture, open wound of the face, and keloid scar. Mr. Greene underwent surgery to repair his left arm fracture. He also underwent debridement of his facial lacerations

1

and closure and tissue transfer of the wounds over the nose, lips, and cheek. It was noted that he would likely have a defect of branches of the cranial nerve and that he had some facial drooping post-operatively. Mr. Greene underwent physical therapy and was noted to have 90-100% return of functional range of motion in both shoulders; however, his left elbow still had some limitations. Mr. Greene underwent a second facial surgery on May 4, 2011, where he had an excision of the right scalp and forehead scar and tattoo and harvest of the temporalis fascia; closure of the scalp with local tissue arrangement; excision of the right cheek scar and tattoo; placement of a temporalis fascia graft underneath the cheek scar, excision and local tissue transfer and closure, and excision of the lip scar and tattoo; closure of the lip with adjacent tissue transfer; excision of the nasal tip scar and tattoo; and placement of a temporalis graft at the nasal tip and closure of the scar area with adjacent tissue transfer.

Joseph Grady, M.D., performed an independent medical evaluation on August 29, 2011. He noted that Mr. Greene had a slight speech impediment and was able to read the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) test paragraph with minor intelligibility loss. He assessed 0% left arm impairment, 1% speech impairment, and 7% nasal impairment for a whole person impairment of 8%. Based upon his report, the claims administrator granted Mr. Greene an 8% permanent partial disability award on September 22, 2011.

Victor Poletajev, D.C., performed an independent medical evaluation on June 5, 2012. He found that Mr. Greene had residual facial problems including eating and speech. He stated that he may need speech therapy but deferred that decision to an expert. Dr. Poletajev assessed 14% left upper extremity impairment, 10% impairment for loss of speech, 7% impairment for facial scarring, 7% impairment for loss of sensation on the right side, 5% right upper extremity impairment, and 3% impairment for the remaining scarring for a combined total of 38% whole person impairment.

A third independent medical evaluation was performed by Prasadarao Mukkamala, M.D., on October 12, 2012. He noted that Mr. Greene's speech was normal. He assessed 5% impairment for the nose, 1% impairment for facial scarring, 1% impairment for the left arm scar, and 1% impairment for damage to the cranial nerve for a combined total of 8% whole person impairment. A final independent medical evaluation was performed on February 12, 2013, by Jerry Scott, M.D. He noted that he spoke with Mr. Greene for more than an hour and noticed no speech deficit. He stated that he did not have him read the required paragraph in the American Medical Association's *Guides*. He assessed 3% impairment for the left shoulder, 8% for facial and head scarring, 1% for left upper arm scarring, and 2% for loss of sensation and subjective speech complaints due to damage to the fifth cranial nerve for a combined total of 14% whole person impairment.

The Office of Judges reversed the claims administrator's decision and granted Mr. Greene a 30% permanent partial disability award in its July 18, 2013, Order. It found that Dr. Poletajev's assessment of 7% impairment for loss of sensation on the right side of the face and 5% impairment for the right upper extremity were the most reliable of record. It noted that Mr. Greene suffered the compensable injury when his right shirt sleeve was caught in a roller and he

was pulled onto the belt. The Office of Judges further noted that he has undergone both surgery and physical therapy for the compensable injuries. In regard to the left upper extremity, the Office of Judges determined that Dr. Scott's assessment of 3% impairment was the most reliable of record. Dr. Poletajev's assessment of 14% impairment was determined to be excessive in comparison to the other reports of record. Additionally, Appalachian Rehab Centers' treatment notes state that Mr. Greene was demonstrating 90-100% return of functional range of motion in the left upper extremity when he finished physical therapy.

In regard to sensory impairment, the Office of Judges found that Dr. Poletajev's 10% rating for loss of speech was the most reliable of record. Drs. Grady and Mukkamala each recommended 1% impairment and Dr. Scott found 2% impairment. Dr. Poletajev correctly evaluated Mr. Greene's speech using the American Medical Association's *Guides*. He also indicated that he properly counted missed or speech impaired words. Dr. Scott did not use the American Medical Association's *Guides* as is required. The Office of Judges found that Dr. Grady used the American Medical Association's *Guides* properly; however, his report was found to be less reliable than that of Dr. Poletajev because Dr. Poletajev's report was more thorough.

For scarring, Dr. Poletajev found a total of 10% impairment representing 7% for facial scarring and 3% for the remaining scarring on the left upper extremity, right elbow, and right bicep. Dr. Poletajev submitted colored photographs of Mr. Greene's scars with his report. The Office of Judges stated that Dr. Scott found 9% impairment, Dr. Mukkamala found 1% impairment, and Dr. Grady found 7% impairment. It noted that the findings of Drs. Poletajev and Scott were similar and determined that Dr. Poletajev's assessment should be adopted.

The Board of Review reversed the decision of the Office of Judges and instead granted Mr. Greene a 15% permanent partial disability award in its January 23, 2014, decision. The Board of Review stated that Dr. Poletajev noted in his independent medical evaluation that speech therapy may be a consideration for Mr. Greene; however, he deferred a decision on its necessity to an expert. The Board of Review also noted that Dr. Poletajev was the only evaluator of record to diagnose right bicep tear and provide an impairment rating for the condition. Based upon these findings, the Board of Review found Dr. Poletajev's report to be unreliable. The Board of Review determined that Dr. Scott's 14% impairment rating was relevant, credible, material, and reliable. Additionally, it determined that Dr. Grady's 1% impairment rating for speech impairment was the most reliable estimate of the condition.

The Board of Review's decision contains material misstatements and mischaracterizations of the evidentiary record. The Board of Review's decision contains a double award for speech impairment. Dr. Scott's 14% assessment contained 2% impairment for both loss of sensation and subjective complaints of speech impairment. The Board of Review adopted his findings and also adopted Dr. Grady's finding of 1% impairment for speech impediment thereby granting Mr. Greene an impairment rating for speech impediment twice. The Board of Review also incorrectly found Dr. Poletajev's entire report to be unreliable. Dr. Poletajev stated that speech therapy may be a consideration but deferred the decision of whether or not therapy was necessary to a speech expert. He then made a recommendation of 10% impairment for loss of speech. Dr. Poletajev's recommendation that an expert determine if

speech therapy was necessary did not prevent him from assessing the amount of speech impairment Mr. Greene sustained as a result of his injury because an impairment rating and treatment for that impairment are two separate considerations. The Office of Judges, as the trier of fact, found Dr. Poletajev's report to be reliable and the Board of Review provided no reason under its standard of review to reverse the Office of Judges' Order in its entirety. The Board of Review's decision was correct insofar as it found that there was no impairment for the right upper extremity. Drs. Mukkamala, Grady, and Scott all found 0% impairment for the right upper extremity. Further, Mr. Greene reported that he had no problems with his right upper extremity. This Court therefore finds that Mr. Greene sustained 3% impairment for the left shoulder, 10% impairment for loss of speech, 7% impairment for facial scarring, 7% impairment for loss of sensation on the right side of the face, and 3% impairment for scarring of the left arm and right elbow/bicep for a combined total of 26% impairment. He is therefore entitled to a 26% permanent partial disability award.

For the foregoing reasons, we find that the decision of the Board of Review is based upon material misstatements and mischaracterizations of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded with instructions to grant Mr. Greene a 26% permanent partial disability award.

Reversed and remanded.

**ISSUED:  January 23, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Brent D. Benjamin

4